## BREWER *v.* THE STATE.

CRIMINAL LAW. *Carrying weapons.* Under the 3d sec. of sec. 4759 *b, c, d* of the Code, a justice of the peace is exempt from punishment for carrying weapons when engaged in taking a prisoner, charged with an offense, to jail, and he may still wear the weapon on his way home if he return in a reasonable time after depositing the prisoner. This exemption only applies, however, when the magistrate is actually engaged in taking a prisoner to jail or returning home immediately after having discharged such duty.

Code cited: sec. 4759 *b, c, d,* sub-sec. 3.

### FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIP-PIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No brief on file for complainant.

MCFARLAND, J., delivered the opinion of the court.

This was an indictment against Brewer for carrying a pistol, under the act of 1870, T. & S. Statutes, sec. 4759 *b, c, d.* The cause was, by consent, submitted to the Judge of the Criminal Court, a jury being waived upon a plea of not guilty, and a certain state of facts agreed upon, as follows:

"Brewer was and is a magistrate of Shelby county, and came from his civil district to the city of Memphis, a distance of fifteen miles, in charge of a prisoner charged with a public offense, to deliver said

prisoner to the jailor of said county; that he carried a pistol with him otherwise than openly in his hand; that he came to the city by rail, with intent and purpose of returning the same day; that after he had delivered his prisoner to the jailor in the city, he remained in the city three or four hours awaiting the departure of the train to carry him home, and during this time he moved about the city and carried the pistol with him. At the time the pistol was found on him he was about to have a difficulty, and had a large pocket-knife, which was taken from him by an officer, when he drew the pistol (a single-barrel derringer), saying it was better than a knife."

These are the facts agreed to. He is not indicted for an assault or for drawing the pistol, but for carrying the pistol as stated. Upon these facts the Criminal Court adjudged the defendant guilty as charged, and assessed a fine. The defendant appealed.

The question is, whether the defendant is exempt from the operation of the first section of the act by the provisions of the third section, which is as follows: "The provisions of the first section of this act shall not apply to any officer or policeman while *bona fide* engaged in his official duties, in the execution of process, or while searching for or engaged in the arrest of criminals. Nor to any person who is *bona fide* aiding the officers of the law or others in the legal arrest of criminals, or in turning them over to the proper authority after arrest," &c.

Was the defendant *bona fide* aiding the officers of the law or others in turning a criminal over to the

proper authorities after arrest? The defendant, being a magistrate, was a peace officer, and it was his duty to execute the law, and in certain cases, not necessary to mention here, it might be his duty to arrest or assist in the arrest of offenders. But we understand this to have been a case where the prisoner had been committed to jail, or was to be placed in jail, how or in what manner does not appear—whether by order of a committing magistrate, or under a capias or other process from court, is not shown. We should presume, however, that the former was the case; and in this event, a magistrate is not the officer charged by law with the duty of guarding the prisoner to jail. But we cannot say that the fact of his being a magistrate precludes the possibility of his having been lawfully and in good faith assisting the officers of the law in turning the prisoner over to the jailor. Cases might exist where this was not only lawful but proper. The only statement we have is, that he came from his district to Memphis, a distance of fifteen miles, in charge of a prisoner charged with a public offense, to deliver him to the jailor. By whom he was summoned to discharge this duty, or whether it was voluntarily assumed, does not appear. As we see nothing unlawful in the discharge of this duty by the defendant, and he being in charge of the prisoner, we must take it that in bringing the prisoner to the city and turning him over to the jailor, he was *bona fide* acting as officer, or assisting the officer of the law in the discharge of that duty, and therefore directly within the exception of the law as above quoted.

The question, then, is, does the fact that he carried the pistol in the city for a few hours after he turned the prisoner over to the jailor and before the return train started on his way home, make him guilty? If he might lawfully carry the pistol as he came to town, he could certainly carry it back home. He might, it is true, have taken off the pistol and deposited it at some place during his stay in the city, but, as he remained only three or four hours, we think it would be a hard construction to convict him for carrying it during this time.

Upon the whole, we think the judgment should be reversed and the defendant discharged.